## DENNIS DEAN FEIST v. STATE, DEPARTMENT OF HIGHWAYS.

186 N. W. (2d) 173.

March 26, 1971—No. 42668.

*Sokolowski & Peterson* and *Douglas J. Peterson,* for petitioner.

*Douglas M. Head,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for respondent.

PER CURIAM.

This matter is before the court on petition of Dennis Dean Feist for a writ of prohibition against the commissioner of public safety. Effective July 1, 1970, the driver's license division was transferred from the control of the commissioner of highways to that of the commissioner of public safety. L. 1969, c. 1129, art. 1, § 18.

On August 8, 1969, a police officer sent to the commissioner a certificate stating that petitioner refused to take a chemical test under the implied-consent law, Minn. St. 169.123. The commissioner sent petitioner a notice of intent to revoke his driver's license. At petitioner's request a hearing was held in municipal court, where he contended that the certificate of the police officer was inadequate and did not comply with the statute. The municipal court sustained the revocation. Upon appeal to the district court, the revocation was quashed upon the ground that the certificate was inadequate and the trial court remanded the matter to the commissioner to take such action as he "may feel is legally advisable—legally available under the statute."

The commissioner received a new certificate from the police officer on March 11, 1970. On March 18, 1970, the commissioner sent petitioner by certified mail a second notice of intent to revoke his license. The notice was returned unopened and marked "Refused." By affidavit presented to this court, petitioner claims that he never saw this second notice and had not authorized anyone to refuse the same. On April 24, 1970, the commissioner revoked his license. On May 5, 1970, petitioner caused to be served on the commissioner a petition for reinstatement

of his license pursuant to § 171.19. After some communication between counsel for the petitioner and counsel for the commissioner, petitioner's license was reinstated, about 3 weeks after its revocation. The state treated the petition in district court as a request for a hearing pursuant to § 169.123, subd. 5, and on May 27, 1970, filed a petition in municipal court for another hearing. The hearing was held in municipal court on July 6, 1970. Petitioner asserts here that it resulted in a dismissal for lack of jurisdiction, but the commissioner claims that the hearing would not be held until petitioner was sent a third notice of intent to revoke his license. The third notice was received by petitioner on July 14, 1970. On July 29, 1970, petitioner obtained from this court an alternative writ of prohibition staying any further proceedings by the commissioner. Petitioner is now seeking a permanent writ prohibiting the commissioner from proceeding under § 169.123.

The writ of prohibition is an extraordinary remedy issued only in the discretion of this court. One of the elements that should be present to justify the issuance of such a writ is that there is no adequate remedy at law. The state contends that this matter is now before the municipal court and can hardly hereafter contend otherwise before that court. The petitioner may pursue all the defenses and arguments in municipal court that he asserts here and therefore has an adequate remedy at law. The permanent writ is denied and the alternative writ is discharged.[1]

Writ discharged.

---

[1] Attention is called to State, Department of Highways, v. Halvorson, 288 Minn. 424, 181 N. W. (2d) 473. In Halvorson, the action arose out of the implied-consent law which provides that the chemical test shall be administered by a peace officer. The statute defines a peace officer. The defendant refused to take the chemical test and the commissioner of highways issued an order directing revocation of defendant's driver's license. He thereafter asked for and received a hearing. At the hearing the municipal court rescinded the order of the commissioner on the ground that the evidence did not establish that the peace officer under whose direction a chemical test would have been administered to defendant met the special qualifications prescribed by the implied-consent law. On appeal to this court, the trial court was affirmed. It is interesting to note that apparently the state made no request of the lower court to refer the case back to the commissioner for the recycling that was done in the instant case. Nor did the state ask this court to refer the case back to the commissioner. The implied-consent law provides for a hearing in municipal court if requested by a person whose license is

about to be revoked and in Minn. St. 169.123, subd. 6 specifies that the municipal court "shall order either that the revocation or denial be rescinded or sustained and refer such order to the commissioner of public safety for his further action." The law does not have a similar provision in subd. 7, which provides for a trial de novo in district court, nor does it provide for a referral to the commissioner by this court after appeal. The "further action" that may be taken by the commissioner is not defined in the statute.